age at the time of the offense and his troubled family background," and could have asked the jury for mercy. *Ibid.* But merely identifying statements counsel could have made (there will *always* be statements counsel could have made) does not establish what *Strickland* requires: that those statements would probably have made a difference. All the facts relevant to the Eleventh Circuit's hypothesized closing argument had already come out in the sentencing phase. And a plea for mercy had been made in the sentencing phase by Lawhorn himself.

The hypothesized closing argument falls even further short of establishing what AEDPA requires: that it was not merely incorrect but *unreasonable* for the Alabama courts to conclude that probability of a different outcome had not been shown. It was, to the contrary, well within the bounds of reasonable judgment for the Alabama Court of Criminal Appeals to conclude that "in this situation with these particular facts, closing argument by defense counsel would have had little impact." 756 So. 2d, at 987.

In sum, the outcome imposed upon the Alabama courts by the Eleventh Circuit is not remotely required by clearly established Supreme Court precedent.

\* \* \*

It has been over 21 years since Lawhorn was sentenced to death. Alabama should be not barred from carrying out its judgment based on a federal court's lawless speculation. I would not dissent from denial of certiorari if what happened here were an isolated judicial error. It is not. With distressing frequency, especially in capital cases such as this, federal judges refuse to be governed by Congress's command that state criminal judgments must not be revised by federal courts unless they are "contrary to, or involv[e] an unreasonable application of, *clearly established Federal law, as determined by the Supreme Court of the United States,*" 28 U. S. C. § 2254(d)(1) (emphasis added). We invite continued lawlessness when we permit a patently improper interference with state justice such as that which occurred in this case to stand. We should grant Alabama's petition for certiorari and summarily reverse the Eleventh Circuit's judgment.

No. 10–203. CAHILL ET AL. *v.* ALEXANDER ET AL. C. A. 2d Cir. Certiorari denied. JUSTICE SOTOMAYOR took no part in the consideration or decision of this petition.